**Paul ZUCKER and Ruth Zucker, Plaintiffs-Appellants,**

v.

**STATE OF CALIFORNIA et al., Defendants-Appellees.**

**No. 71–2477.**

United States Court of Appeals, Ninth Circuit.

Nov. 15, 1972.

Rehearing Denied Dec. 15, 1972.

Paul and Ruth Zucker, in pro. per.

Jack R. Weber, Deputy Atty. Gen., Los Angeles, Cal., Henry Barron Niles, Pasadena, Cal., Robert L. Meyer, U. S. Atty., Rogers Arnebergh, City Atty., Joseph Busch, Dist. Atty., Los Angeles, Cal., for defendants-appellees.

Before MERRILL, CARTER and WRIGHT, Circuit Judges.

PER CURIAM:

Zucker, a former state prisoner, and his wife sought to proceed below in *forma pauperis* in a civil damage action (42 U.S.C. § 1981 et seq., and 18 U.S.C. §§ 241–242) against numerous defendants, including former jailors and various governmental bodies.

Two separate actions were filed in the district court, Nos. 71–396–WPG and 71–414–WPG. The district court denied leave to proceed in *forma pauperis* and dismissed both actions, relying on Williams v. Field (9 Cir. 1968), 394 F.2d

329. The district court pointed out that appellants were seeking to re-litigate matters disposed of in five earlier habeas actions and four earlier civil rights actions, all of which were dismissed.

Appellants filed timely notices of appeal from the action of the district court in Nos. 71–396 and 71–414 and paid the docket fees when their request for appeal in *forma pauperis* was denied. Apparently both appeals were first docketed under No. 71–2476, but subsequently under separate docket numbers, No. 71–2476 for district court action No. 71–414, and No. 71–2477 for district court action No. 71–396.

Appeal No. 71–2476 has been dismissed by a motion panel and we are concerned only with No. 71–2477. Subsequent to the filing of notices of appeal in 71–2476 and 71–2477, Mr. and Mrs. Zucker refiled the same claims in the district court, this time paying the court fees. The new action below, restating the matters in the prior district court action, No. 71–396 (Circuit No. 71–2477), was numbered 71–1582–WPG. Appellants also refiled in the district court their claim previously filed under district court number 71–414.

The new actions below were also dismissed by the district court and notices of appeal filed, but the docket fees in the circuit have not yet been paid, so the two new appeals remain undocketed.

Apparently, in an attempt to get the new actions docketed, the appellants moved to consolidate the new undocketed appeals with the circuit numbers 71–2476 and 71–2477. A motion panel of this court denied the motion to consolidate but refused to dismiss the new appeals.

Appellants then filed motions to remand the new appeals to the district court. A motion panel of this court denied the motions on the ground they were not properly substantiated.

In light of the new action below, No. 71–1582–WPG, which was dismissed, and which appeal is or has been pending in this court, and which new action is iden-

tical to district court action No. 71–396–WPG, which resulted in this appeal, we see no reason to reach appellant's objections to the district court's denial of leave to proceed in *forma pauperis* in their identical first action. That action by the district court is affirmed.

While this appeal was pending, appellants filed on February 16, 1972, five motions for "permanent injunction" against various of the defendants. Since we affirm the trial court's action below, we do not consider the motions.

Judgment affirmed.